```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE A. VALLADARES,

                        Plaintiff,
                                                            **ORDER**
          -against-                                         13 CV 2026 (LB)

CLAUDINE ARCEIUS-JONES and
DEREK T. JONES,

                        Defendants.
------------------------------------------------------------X
```
BLOOM, United States Magistrate Judge:

    Plaintiff moves to remand his personal injury lawsuit to Kings County Supreme Court. Defendants oppose the motion. For the reasons stated below, the Court denies plaintiff's motion for remand as well as his motion for attorney's fees and sanctions.[1]

## BACKGROUND

    According to the complaint, on November 16, 2011, plaintiff was riding his bike in Brooklyn when a car driven by Claudine Arceius-Jones hit him. The car is owned by Claudine's husband, defendant Derek T. Jones ("Jones"). On February 22, 2013, plaintiff filed a Summons and Complaint in New York State Supreme Court in Brooklyn. Defendants removed the action to this Court alleging diversity jurisdiction: plaintiff is a citizen of New York and defendants are citizens of New Jersey. (Notice of Removal at 1 (citing 28 U.S.C. § 1332), ECF No. 7.)

    At the initial conference on May 22, 2013, the Court directed the parties to complete all fact discovery by September 27, 2013 and all expert discovery by November 8, 2013. (Scheduling Order dated May 22, 2013.) During the course of discovery, Jones testified that while he used to reside in and still owns a single family home in Brooklyn, he moved to New Jersey with his wife in 2008. (Tr. of Jones Deposition, dated September 5, 2013 at 4-5, ECF No.

---

[1] This case was reassigned to me on the parties' consent in accordance with 28 U.S.C. § 636(c). (ECF No. 5.)

7-4 ("Jones Deposition Tr."). Jones still works in Brooklyn, as an assistant principal, a position which he has held for the past 11 years; he also continues to receive mail at his property in Brooklyn and votes in Brooklyn. (Id. at 5-7.) In addition, Jones admitted that Brooklyn is still his "legal address for certain things" in the following colloquy:

> Q. Would that [residence in Brooklyn] have been your legal residence for anytime after 2008?
> A. Yes, on and off, yes.
> Q. Is there any specific time that that ceased being your legal address or does that continue to be your legal address for certain things today?
> A. It continues to be my legal address for certain things today.
> Q. Do you still vote in Brooklyn?
> A. Yes.
> Q. Is the house in just your name or also your wife's name?
> A. Just my name.

(Id. at 5-6.) Based on this testimony, plaintiff asked defendants' counsel to stipulate to remand. Defendants refused and plaintiff filed the instant motion. Plaintiff requests "[t]hat this Court *sua sponte* remand the case to Kings County Supreme Court, and/or issue an Order pursuant to FRCP § 1447(c) and/or any other applicable rules, that 1) the district court lacks subject matter jurisdiction, 2) remanding this case back to King County Supreme court, 3) requiring the payment of just costs, any actual expenses and attorney's fees incurred by plaintiff as a result of the removal, and sanction; with 4) such other … relief as to this Court may deem just and equitable." (Notice of Motion, ECF No. 7 at 1-2.)

While defendants do not concede that Jones's domicile is Brooklyn, they argue that even if it were his domicile, the parties are diverse in citizenship, which is sufficient for subject matter jurisdiction. (Kondulis Aff. ¶¶ 4-5, ECF No. 9.) Defendants attach the transcript of plaintiff's deposition, in which plaintiff states he immigrated to the United States 16 years ago but does not have permanent resident status. (Id. at Ex. A, Tr. of Pl.'s Deposition dated August 7, 2013 at 6-7, ECF No. 9-1.)

Defendants also argue that the fact that New Jersey is Jones's domicile is evidenced by

Jones's testimony that he moved with his wife to New Jersey in 2008, see (Tr. of Jones Deposition at 4: 9-21.); the Police Accident Report indicating Jones's car is registered in New Jersey, see (Pl.'s Ex. B); and Jones's testimony that his car is serviced by a dealer in New Jersey, see, (Tr. of Jones Deposition at 16, line 8-15). In addition, defendants assert that Claudia Arceius-Jones's testimony that at the time of the accident, she was driving in Brooklyn after work to pick up her husband, using a route she used "many times," but "less than a hundred times," (Kondulis Aff. at Ex. B., Tr. of Claudia Arceius-Jones Deposition at 5-6, 27, ECF No. 9-2), demonstrates Arceius-Jones "picked [Jones] up to go *home to New Jersey* numerous times before the accident." (Kondulis Aff. ¶ 8 (emphasis added).)

## DISCUSSION

Pursuant to 28 U.S.C. § 1332(a), this Court has subject matter jurisdiction over civil actions exceeding $75,000 where the matter is between:

**(1)** citizens of different States;

**(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

**(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

**(4)** a foreign state, defined in [section 1603(a)](#) of this title, as plaintiff and citizens of a State or of different States.

Only the first two categories of diversity jurisdiction are at issue here: actions between citizens of different States, and actions between citizens of a State and citizens or subjects of a foreign state.

The Court has subject matter jurisdiction over this action because, regardless of Jones's domicile, the parties are of diverse citizenship. Plaintiff does not have lawful permanent resident status, which is defined as "someone who has been granted the privilege of remaining

permanently in the United States under the immigration laws." Barbata v. Latamie, No. 11 Civ. 7381(DLC), 2012 WL 2422740, at *1 (S.D.N.Y. June 26, 2012). Therefore, notwithstanding plaintiff's 16-year residence in the United States, because he has not been "lawfully admitted for permanent residence in the United States," 28 U.S.C. § 1332(a)(2), he is considered a citizen of a foreign state suing a U.S. resident for purposes of diversity jurisdiction. See Williams v. Sunnyside Corp., No. 08 CV 2339(FB), 2008 WL 4443227 (E.D.N.Y. Sept. 3, 2008) ("It is no obstacle to alienage jurisdiction that [plaintiff] resides in New York, since he is not officially a permanent resident."). As this action is between a citizen of a foreign state and two United States citizens, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(2). See Barbata, 2012 WL 2422740, at *2 (party admitted to the United States on a diplomatic visa was not a lawful permanent resident, providing the court with alienage jurisdiction); Mejia v. Barile, 485 F. Supp. 2d 364 (S.D.N.Y. 2007) (same for party who was an undocumented immigrant residing in New York).

The Court rejects plaintiff's argument that the Court should nonetheless remand the action to State court because Jones violated the forum defendant rule by removing an action filed in his home forum. Under the forum defendant rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Plaintiff is correct that this rule applies whether the parties live in different states or maintain different citizenship. 14B Wright & Miller, Fed. Prac. & Proc. § 3723. However, it has long been settled in the Second Circuit that the forum defendant rule "is a rule of procedure and does not state a jurisdictional requirement." Shapiro v. Logistec USA, Inc., 412 F.3d 307, 313 (2d Cir. 2005) (citing Woodward v. D.H. Overmyer Co., 428 F.2d 990 (2d Cir. 1970)). Further under 28 U.S.C. § 1447(c), "to avoid

waiver of any [such] procedural defects in the notice of removal, a motion for remand must be filed within thirty days of the filing of the notice of removal." Jackson v. City of New York, No. 07-CV-519(ILG)(RER), 2007 WL 1871511, at *1 (E.D.N.Y. June 28, 2007)(citing Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643-44 (2d Cir.1993)). "This deadline, while not jurisdictional, is plainly mandatory." Id. (citing 28 U.S.C. § 1447(c)). Indeed, "once thirty days ha[s] elapsed after the notice of removal has been filed, the *only* ground for a remand is lack of subject matter jurisdiction." In re Methyl Tertiary Butyl Ether Products Liab. Litigation, 522 F. Supp. 2d 557, 566 (S.D.N.Y. 2007).

Plaintiff failed to object to the notice of removal when it was filed in April 2013, and the Court finds no basis to equitably toll the 30-day period. See generally Doyle v. Staples, No. 99-CV-6062(JG), 2000 WL 194685, at *2 (E.D.N.Y. Feb. 18, 2000)(equitably tolling 30-day period where plaintiff's "untimeliness was directly attributable to the defendant's failure to provide plaintiff with statutorily-required notice of removal.") "[E]quitable tolling requires a showing of both extraordinary circumstances and due diligence." Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005). Here, plaintiff does not meet the standard. Plaintiff's complaint pled that defendants reside in Brooklyn and that he served defendants at Jones's property in Brooklyn. (Compl. ¶¶ 2-3,5-6 ECF No. 1-2; Motion for Remand ¶ 3.) By failing to object to the notice of removal despite this information, plaintiff waived any objection to the purported procedural defect in the notice of removal.

In these circumstances, "the situation could be considered to be as if the plaintiff had brought the action in the federal court and, if jurisdiction would have existed in that event," then the Court should "uphold federal jurisdiction." Woodward, 428 F.2d at 882-83. As discussed

5

above, the Court has alienage jurisdiction over this action.[2] Since plaintiff waived his objection to procedural defects in the notice of removal and subject matter jurisdiction has been established, the Court denies plaintiff's motion for remand. The Court also denies plaintiff's motion for sanctions, fees and costs.

## CONCLUSION

The Court denies plaintiff's motion for remand. The Court also denies plaintiff's motion for sanctions, fees and costs. The parties shall complete expert discovery within 45 days of this Order. The Court shall hold a status conference in this matter on February 24, 2014 at 2:30 p.m. in Courtroom 11A South. The parties are strongly encouraged to discuss settlement.

SO ORDERED.

Dated: December 11, 2013
Brooklyn, New York

/S/
LOIS BLOOM
United States Magistrate Judge

---

[2] The Court notes but declines to remand the case on the grounds that the notice of removal pled facts establishing only diversity of domicile, rather than citizenship. Defendants had no basis to know that plaintiff is not a U.S. Citizen or lawful permanent resident at the time of the filing and the notice of removal properly alleges that the parties were of "diverse citizenship" establishing jurisdiction under "28 U.S.C. § 1332." (Notice of Removal ¶¶ 3-4, ECF No. 7-1.) See Zeballos v. Tan, No. 06 Civ. 1268(GEL), 2006 WL 1975995, at *1 n.1 (S.D.N.Y. July 10, 2006) (declining to remand based on the "technical defect" that the notice of removal erroneously alleged diversity of residence rather than diversity of citizenship as "statements submitted by the parties in connection with the motion to remand, together with the complaint, clearly establish that there is diversity of citizenship").